UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGORY COX,<br>JOE HOWARD MCCLAIN,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>L. DICKERSON C/O, et al.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 2:20-cv-00396-JPH-DLP<br>)<br>)<br>)<br>) |

**Order Dismissing Joe McClain as a Plaintiff and Directing Further Proceedings**

On July 30, 2020, plaintiffs Gregory Cox and Joe Howard McClain filed a complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. For the following reasons, this action can only continue for plaintiff Gregory Cox.

## I.　Joe McClain

Mr. McClain cannot proceed with this action. On April 10, 2012, the Seventh Circuit made Mr. McClain a restricted filer for submitting frivolous filings. The Court sanctioned Mr. McClain $500 and stated:

> Until he pays that sum in full to the clerk of this court, **he is barred from filing further civil suits in the courts of this circuit**, in accordance with *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995). Any papers he submits attacking his current criminal judgment, including future collateral attacks, shall be returned unfiled and any applications for leave to file collateral attacks will be deemed denied on the 30th day unless the court orders otherwise.

*McClain v. Wilson*, No. 12-1766 (7th Cir. Apr. 10, 2012) (emphasis added). The Seventh Circuit's records indicate that the fine has not been paid and the sanction has not otherwise been lifted.

1

Mr. McClain was barred by the Seventh Circuit from filing this lawsuit. In these circumstances, all claims brought by Mr. McClain are **dismissed**. The clerk **is directed** to terminate Mr. McClain as a plaintiff on the docket.

## II.     Gregory Cox

Although Mr. Cox appears as a plaintiff on the face of the complaint, only Mr. McClain signed the complaint. Dkt. 1 at 7. In accordance with Rule 11(a) of the Federal Rules of Civil Procedure, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the …party's attention." Mr. Cox shall have **through August 31, 2020,** in which to file a signed complaint. Because Mr. McClain is no longer a plaintiff in the case, Mr. Cox's complaint should include allegations of constitutional violations as pertaining to Mr. Cox only. If Mr. Cox fails to file a signed complaint, the Court will strike the original complaint and the action will be dismissed without further warning.

Further, Mr. Cox shall have **through August 31, 2020**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on July 30, 2020. 28 U.S.C. § 1915(a)(2).

The **clerk is directed** to include a prisoner complaint form and motion to proceed *in forma pauperis* form with Mr. Cox's copy of this Order.

**SO ORDERED.**

Date: 8/7/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GREGORY COX
103230
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

JOE HOWARD MCCLAIN
14421
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838